

FILED

May 18, 2018

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 8:34 A.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Robert Watson | ) | Docket No.  2017-05-0515 |
| | ) | |
| v. | ) | State File No.  36534-2017 |
| | ) | |
| Catlett Construction, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale Tipps, Judge | ) | |

---

### Affirmed and Remanded—Filed May 18, 2018

---

In this interlocutory appeal, the employee alleges he suffered injuries to his left shoulder and low back while installing windows. The employer denied the claim, asserting that the employee did not provide proper notice of his injuries and that the injuries did not arise primarily out of or occur in the course and scope of the employment. The trial court concluded the employer failed to demonstrate prejudice resulting from the employee's purported lack of notice but declined to award benefits because the employee provided insufficient medical evidence of causation. The employee has appealed. We affirm the trial court's decision.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Robert Watson, Spring Hill, Tennessee, employee-appellant, pro se

Michael Haynie, Nashville, Tennessee, for the employer-appellee, Catlett Construction

### Factual and Procedural Background

Robert Watson ("Employee") began working for Catlett Construction ("Employer") installing windows and doors in 2012. He alleged that he suffered injuries to his left shoulder and low back on June 23, 2016, when he lifted a window and experienced sharp pain.

Employee acknowledged having problems with his left shoulder and low back prior to going to work for Employer, but he asserted he informed his supervisor, Joel

1

Catlett, on multiple occasions that he was experiencing pain and other symptoms as a result of his work. He maintained he told Mr. Catlett about the June 23, 2016 incident that caused an increase in his pre-existing symptoms. He testified that Mr. Catlett responded by telling him he was an independent contractor who was not covered by workers' compensation and that his problems were the result of normal wear and tear.[1]

Mr. Catlett acknowledged that Employee complained of shoulder and back problems, but he denied that Employee ever expressed a belief that those problems were related to his employment. Mr. Catlett and Employee were friends prior to their working relationship, and Mr. Catlett testified he was aware that Employee had a history of problems with his shoulder and back and, in fact, wore a back brace and used an ice pack on his shoulder before Employer hired him. Employer denied being aware Employee claimed he suffered work-related injuries prior to his termination in May 2017.

Employee sought treatment on his own, initially treating with Teresa Pisani, a physician's assistant, on June 28, 2016. At that time, he complained of low back pain that began two days prior. Ms. Pisani noted that "[p]atient installs windows all day and is literally wearing out his back[.] [H]e over did [it] at home on Sunday." Employee returned to Ms. Pisani approximately one year later on June 8, 2017. At that time, Ms. Pisani observed that "[s]ince he did not have shoulder and back problems [prior to starting work for Employer in September 2012], it is likely that they incurred [sic] secondary to the repetitive lifting and twisting motion required to install windows and doors."[2] Employee also saw Dr. John Klekamp for his back pain in October 2016, and the record of that visit indicates Employee had a "sharp onset" of back pain approximately one year previously while installing windows.

On August 5, 2016, Employee saw Dr. Christopher Stark for his left shoulder complaints. Dr. Stark noted that Employee reported a "long history of left shoulder problem[s] going on about a year" as well as a "1-year history of back problems." Dr. Stark continued treating Employee for his left shoulder injury, ultimately performing surgery. On November 12, 2017, Dr. Stark stated that "[t]he injury he had at the time of surgery in August 2017 does correlate and is related to the work he was performing in 2016."

Employer denied the claim on the basis that Employee failed to provide timely notice of the alleged injuries and that the injuries did not arise primarily out of or occur in the course and scope of the employment. At an expedited hearing, Employee submitted Standard Form Medical Reports ("C-32 reports") prepared by Dr. Stark, Dr. Mark

---

[1] For purposes of this litigation, the parties have stipulated that Employee is not an independent contractor. Thus, we do not address that issue.

[2] Employee acknowledged on cross-examination a history of treatment for low back and left shoulder complaints pre-dating his employment with Employer.

Hawkins (Employee's chiropractor), and Ms. Pisani. However, the reports were not admitted into evidence because they were not originals and were not accompanied by the required qualifications of the physicians. *See* Tenn. Code Ann. § 50-6-235 (2017). The trial court ultimately found that, regardless of whether Employee provided proper notice, Employer had not shown any prejudice as a result and, therefore, could not prevail on that defense. However, the trial court declined to award medical or temporary disability benefits based on a finding that the medical proof was insufficient to establish Employee was likely to prevail in showing the injuries arose primarily out of and in the course and scope of the employment. *See* Tenn. Code Ann. § 50-6-102(14) (2017). Employee has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2017). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2017).

**Analysis**

**A.**

Employee asserts that the trial court erred in excluding the C-32 reports of Dr. Stark, Dr. Hawkins, and Ms. Pisani. In support of this contention, he asserts that Employer, after lodging an objection to the reports, was required to depose these individuals. However, the objection to the admissibility of the reports and the one upon which their exclusion was based concerns the failure of the reports to comply with the requirements of Tennessee Code Annotated section 50-6-235. As noted by the trial court, the reports were not originals and were not accompanied by the required qualifications of the physicians as the statute requires. Moreover, Ms. Pisani is a physician's assistant and is not competent to provide expert medical testimony regarding causation.

3

A trial court's decision regarding the admission or exclusion of evidence is entrusted to the court's discretion and will not be disturbed on appeal unless the trial court abused its discretion. *State v. Banks*, 271 S.W.3d 90, 116 (Tenn. 2008). As the Tennessee Court of Appeals has stated:

> Generally in Tennessee, a trial court's ruling on the admissibility of evidence is within the sound discretion of the trial judge. Further, trial courts are accorded a wide degree of latitude in their determination of whether to admit or exclude evidence, even if such evidence would be relevant. A trial court's evidentiary ruling will only be overturned on appeal upon a showing of abuse of discretion.

*Green v. Smith*, No. M2006-01729-COA-R3-CV, 2008 Tenn. App. LEXIS 261, at *10 (Tenn. Ct. App. Apr. 30, 2008). In the present case, the objections to admissibility hinged not on the substantive content of the C-32 reports, but on the requirements for admissibility. Employee offers no legal argument concerning how the trial court erred in excluding the documents based on the failure to comply with statutory requirements. We find nothing in the record to suggest the trial court abused its discretion in excluding the C-32 reports.

**B.**

Employee also argues that the trial court erred in concluding his injuries did not arise out of or occur in the course and scope of his employment. He reiterates his belief that his employment was the cause of his symptoms and asserts the C-32 reports, which were excluded as evidence, substantiate that belief. However, he provides no other argument or explanation as to how the trial court's decision, which was based on the lack of medical proof, was incorrect. As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Absent a meaningful argument on appeal setting out how the trial court erred, we are unable to conclude that the trial court's decision on this point was incorrect.

**C.**

For its part, Employer asserts the trial court erred in its analysis of the notice issue. According to Employer, the claim is barred because Employee failed to provide timely notice of his injuries. However, because we affirm the trial court's denial of benefits as set out above, we need not reach this issue and express no opinion on whether the trial court properly analyzed the notice question.

4

**Conclusion**

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision.  Accordingly, the trial court's decision is affirmed and the case is remanded.

**FILED**

**May 18, 2018**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 8:34 A.M.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Robert Watson ) | Docket No. 2017-05-0515 |
| ) | |
| v. ) | State File No. 36534-2017 |
| ) | |
| Catlett Construction, et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Dale Tipps, Judge ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 18th day of May, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Robert Watson | | | | | X | robertthumperwatson@gmail.com |
| Michael Haynie | | | | | X | mhaynie@manierherod.com |
| Dale Tipps, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov